IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NTR BULLION GROUP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-3945-D |
| VS. § | |
| § | |
| LIBERTY METALS GROUP, LLC, § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff NTR Bullion Group, LLC ("NTR") moves the court to extend the temporary restraining order ("TRO") entered *ex parte* by a Texas state court prior to removal.[1] For the reasons that follow, the court denies the motion.[2]

I

This is an action by plaintiff NTR against defendants Liberty Metals Group, LLC ("Liberty") and John M. Lonneker ("Lonneker") alleging claims for constructive trust, sworn account, breach of contract, conversion, civil conspiracy, and violations of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code Ann. § 134 *et seq.* (West 2013). NTR alleges that NTR and defendants entered into a contract under which NTR agreed to provide

---

[1] This court extended the TRO following removal for reasons stated in its extension order.

[2] The denial of the TRO extension does not preclude NTR from applying for a preliminary injunction. The court will schedule that application for consideration by separate order.

defendants goods and services, including precious metals, on an ongoing basis, and defendants failed to pay for the goods and services.  NTR asserts that, in July and August of this year, Liberty purchased gold and silver bullion from NTR on credit at prices to which Lonneker individually agreed and individually promised payment to NTR.  In support of its motion to extend the TRO, NTR asserts that, absent injunctive relief, defendants will likely transfer these metals to third parties, and that, without these metals, defendants will not be able to satisfy a money judgment.

Defendants oppose the motion.  They maintain, *inter alia*, that NTR is at most an unsecured creditor and that its petition is nothing more than an ordinary suit to collect on a trade debt.  Defendants contend that NTR is effectively seeking a prejudgment attachment of their property in an action for money damages, which is barred by the rule established in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).  In *Grupo Mexicano* the Supreme Court held that district courts lack the power to issue preliminary injunctions freezing a defendant's assets to secure a money judgment because unsecured creditors had no such remedy at common law.  *Id.* at 329-33; *see Netsphere, Inc. v. Baron*, 703 F.3d 296, 309 (5th Cir. 2012).  NTR replies that *Grupo Mexicano* does not control because, unlike the plaintiff in that case, it has included an equitable claim for relief.  In count I, NTR alleges a claim for constructive trust over the metals.  Pet. ¶¶ 13-14.  "A constructive trust is an equitable remedy used to prevent unjust enrichment."  *Baxter v. PNC Bank Nat'l Ass'n*, ___ Fed. Appx. ___, 2013 WL 5356894, at *2 (5th Cir. Sept. 26, 2013) (per curiam) (citing *Everett v. TK-Taito, LLC*, 178 S.W.3d 844, 859 (Tex. App. 2005, no

pet.)).

II

A

"To obtain a [TRO], an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.); *see also, e.g., Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011) ("The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders."). A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)) (internal quotation marks omitted). Therefore, NTR must establish four elements to obtain the requested extension of the TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to it if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing party, and (4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F.Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished

table decision).

"The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Solutions, Inc. v. R2R & D, LLC*, 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (citing *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones*, 122 F.Supp.2d at 718 (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621 (citations omitted).

B

NTR has failed to make the necessary clear showing and carry the burden of persuasion. The only equitable claim for relief that NTR asserts is a claim for constructive trust, which "is an equitable remedy used to prevent unjust enrichment." *Baxter*, 2013 WL 5356894, at *2 (citing *Everett*, 178 S.W.3d at 859). "In order to establish a constructive trust, the proponent must prove: (1) breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and, (3) tracing to an identifiable res. The proponent must strictly prove the elements necessary for the imposition of the trust." *Id.* (citations omitted). "Unjust enrichment is not a proper remedy 'merely because it might

appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant[.]'" *Id.* (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 40 (Tex. 1992)).

> NTR alleges that it is entitled to a constructive trust because
>
>> Defendants' retention of the Metals obtained from NTR is the result of Defendants' wrongful conduct, specifically Defendants' misrepresentation that [they] would pay for those materials in a timely manner. It is unconscionable for Defendants[] to retain the Metals despite not paying for them. A constructive trust on the Metals and/or their proceeds, is the only remedy that will adequately compensate NTR and prevent Defendants' unjust enrichment at NTR's expense.

Pet. ¶ 14. NTR does not allege the existence of a special trust or a fiduciary relationship between NTR and defendants, which leaves actual fraud as the only possible basis to obtain a constructive trust. But the allegation that defendants failed to "pay for [the metals] in a timely manner" according to the parties' contract, *see* Pet. ¶¶ 10-12, is a claim for breach of contract, and a breach of contract is not of itself fraud. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006) ("[T]he usual view is that mere breach of contract is not fraud and that it may not be evidence of fraud.") (quoting *Thigpen v. Locke*, 363 S.W.2d 247, 252 (Tex. 1962)) (internal quotation marks omitted). Since a mere breach of contract is not fraud, NTR has not demonstrated its entitlement to a constructive trust because a "constructive trust . . . requires actual or constructive fraud or other inequitable behavior at the time the original transaction is entered into." *Thigpen*, 363 S.W.2d at 252 (citation omitted); *see also In re Monnig's Dep't Stores, Inc.*, 929 F.2d 197, 201-203 (5th Cir. 1991)

(Texas law); *Harris v. Sentry Title Co.*, 715 F.2d 941, 946-48 (5th Cir. 1983) (Texas law), *modified on other grounds*, 727 F.2d 1368 (5th Cir. 1984).  NTR has failed to make the required clear showing that defendants engaged in any inequitable behavior at the time the contract was formed.  And the only relief NTR requests in its petition besides a TRO, preliminary injunction, and permanent injunction prohibiting defendants from selling the metals, are money damages and attorney's fees and costs.  NTR does not allege that there is anything unique about the metals, and it in fact requests "[a] constructive trust on the Metals *and/or their proceeds*."  Pet. ¶ 14 (emphasis added).  NTR does not allege that the metals were acquired in a consignment or assert any other type of ownership or security interest in the metals.  Thus NTR has failed to make a clear showing of a cognizable claim to the specific assets in question.  *See United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 496 (4th Cir. 1999) ("A debt claim leads only to a money judgment and does not in its own right constitute an interest in specific property.").  NTR has established only a debt claim, and "a debt claim does not, before reduction to judgment, authorize prejudgment execution against the debtor's assets." *Id.*

* * *

Because NTR has failed to carry its burden of persuasion by the required clear showing, its September 30, 2013 emergency motion to extend the TRO is denied. The TRO granted by the Texas state court prior to removal and extended by this court will expire of its own terms at 5:00 p.m today.

**SO ORDERED.**

October 15, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE